## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

      vs.                                             CR No. 11-147-ML

ROBERT O. ROBINSON

### MEMORANDUM AND ORDER

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #188) ("Motion") and amendment thereto (Doc. #189) ("Amended Motion") filed by Petitioner Robert O. Robinson ("Petitioner" or "Robinson"). The Government has filed an objection to the Motion (Doc. #190) ("Objection"), to which Robinson filed a reply (Doc. #191) ("Reply"). No hearing is necessary.

### FACTUAL BACKGROUND AND TRAVEL

On August 17, 2011, a grand jury sitting in the District of Rhode Island returned an indictment charging Robinson with one count of conspiracy to possess with intent to distribute 280 grams or more of cocaine base and ten counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. After a jury trial, Robinson was convicted on June 20, 2012, of each count. He was sentenced on October 31, 2012, to a term of 240 months imprisonment. Judgment entered on November 7, 2012. Robinson appealed, and the Court of Appeals for the First Circuit affirmed Robinson's convictions in their entirety. United States v. Robinson, 753 F.3d 31 (1st Cir. 2014). On October 6, 2014, the United States Supreme Court denied Robinson's petition for writ of *certiorari*. Robinson v. United States, 135 S. Ct. 313

(2014).

Robinson timely filed the instant Motion on September 23, 2015,[1] followed by the Amended Motion.[2]  He alleges ineffective assistance of both plea and appellate counsel.

<u>DISCUSSION</u>

I.     Section 2255 and AEDPA

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited.  A court may grant such relief only if it finds a lack of jurisdiction, a constitutional error, or a fundamental error of law.  See <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979)("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete  miscarriage of justice.")(internal quotation marks omitted).

Section 2255 states that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which "imposed significant new constraints on proceedings under section 2255." <u>Trenkler v. United States</u>, 536 F.3d 85, 96 (1st Cir. 2008)(footnote omitted).  "Some of these constraints were temporal;

---

[1] The Motion, received by the Court on September 29, 2015, was placed in the prison mailing system on September 23, 2015, and is deemed filed on that date.  See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

[2] The Court granted Robinson's Motion to Amend 28 U.S.C. § 2255 Petition by text order on November 3, 2015.  See Docket.

for example, AEDPA established a one-year statute of limitations for filing a section 2255 petition."

Id. (citing 28 U.S.C. § 2255(f)).  Others were numerical, requiring a petitioner to obtain preclearance

from the circuit court before filing a second or successive petition.  Id. (citing 28 U.S. § 2255(h)).

II.     Strickland

A defendant who claims that he was deprived of his Sixth Amendment right to the effective

assistance of counsel must demonstrate:

(1)     that his counsel's performance fell below an objective standard of reasonableness; and

(2)     a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88 (1984); United States v. Manon, 608 F.3d 126, 131

(1st Cir. 2010)(same).  In assessing the adequacy of counsel's performance, a defendant "'must

identify the acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment,' and the court then determines whether, in the particular context, the

identified conduct or inaction was 'outside the wide range of professionally competent assistance.'"

Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 690); see also Strickland, 466 U.S. at 689

(noting that the court "must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance ...").  To show prejudice under Strickland, the

defendant must demonstrate that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S.

at 694.  A reasonable probability is one "sufficient to undermine confidence in the outcome."  Id.

In making the prejudice assessment, the court focuses on the "fundamental fairness of the

proceeding."  Manon, 608 F.3d at 131; see also Strickland, 466 U.S. at 696.  "Unless a defendant

makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687; see also Reyes-Vejerano v. United States, 117 F. Supp. 2d 103, 106 (D.P.R. 2000)("The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one."). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

The same principles apply in the context of guilty pleas. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). The Hill Court held that "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Id. at 58; see also Padilla v. Kentucky, 559 U.S. 356, 371 n.12 (2010)("In Hill, the Court recognized–for the first time–that Strickland applies to advice respecting a guilty plea."). The first prong of the Strickland test is nothing more than a restatement of the standard of attorney competence described above. Hill, 474 U.S. at 58.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words,  in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 59 , ; see also Lafler v. Cooper, 156, 163 (2012)("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice."); id. at 164 ("In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction

or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."). The Hill Court reiterated that, as stated in Strickland, "these predictions of the outcome at a possible trial, where necessary, should be made objectively ...." 474 U.S. at 59-60; see also Padilla, 559 U.S. at 372 (noting that "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances").

III.   Analysis

A.   Ineffective assistance of plea counsel

Robinson first claims that his counsel's "representation during the plea negotiation stage of the proceedings violated the Sixth Amendment based upon his failure to provide Petitioner with the requisite advice to make an informed decision to accept or refuse the government's 10-13 year plea offer." Amended Motion at 8; see also id. at 9 ("Petitioner contends that to the extent that Smith[3] failed to offer his informed opinion as to whether to accept the government's final plea offer based upon his knowledge of the relevant law and applicable facts his performance was constitutionally deficient."). He further argues that "[b]ut for counsel's deficient performance, Robinson would have accepted the government's final plea offer." Motion at 4. The Government responds that it "did not offer the defendant a second plea agreement of ten to thirteen years." Response at 8. Further, the Government states, "even if a second plea agreement had been offered, the defendant cannot establish that he was prejudiced by his attorney's performance." Id.

Robinson's and the Government's versions of events are markedly different. According to Robinson:

---

[3] Matthew B. Smith represented Robinson during the plea negotiation stage of the proceedings. See Docket; see also Amended Motion at 2 n.1.

Prior to the commencement of the trial proceedings the government extended two separate plea offers.  The government initially offered a plea of 20 years.  This plea was rejected upon Smith's explanation that the 21 U.S.C. § 851 enhancement[4] would mandate the imposition of a mandatory minimum sentence of 20 years.

On the morning that the trial proceedings were scheduled to commence, Smith informed Petitioner that the government had extended a second plea offer of 10-13 years.  When Petitioner questioned Smith in regards to how the plea would affect the penalty which would be imposed for the probation violation, Smith indicated that the matter would be addressed when it became relevant.  Smith declined to discuss any other matters because he had become agitated by Petitioner's question germane to the plea's effect on the pending probation violation.  Smith abruptly departed and informed Petitioner that he would see him in the courtroom.  Of significance, Smith exited without providing Petitioner with his professional and informed opinion as to what plea should be entered based on his assessment of the relevant law and case related facts.  Lacking the informed opinion of his attorney as to what plea should be entered, Petitioner opted to reject the 10-13 year plea offer and proceed to trial.

Amended Motion at 2-3 (internal citations omitted).  Robinson has attached a sworn declaration

attesting to the above description of what transpired.  Amended Motion, Attachment A at 22-23.

The Government states:

In this case, as the record indicates, the defendant was originally offered a plea agreement which, among other things, offered the defendant a sentencing recommendation from the government of the higher of the mandatory minimum, or the guideline range as computed by the Court.  This initial plea offer was never accepted by the defendant.  Instead, based upon the defendant's witness tampering while the plea offer was pending, a revocation of the plea offer was transmitted to the defendant's counsel with the only open issue being whether the government, in its sole discretion, was going to file a second § 851 Information and increase the defendant's mandatory minimum sentence to life imprisonment.

Objection at 7-8 (internal citations omitted); see also id., Ex. A (March 23, 2012, letter from

Government to defense counsel with enclosed plea offer); id., Ex. B (April 6, 2012, letter

---

[4] On October 17, 2011, the Government filed an Information Charging Prior Conviction pursuant to 21 U.S.C. § 851 (Doc. #45), which restricted Robinson's sentencing guideline range to a twenty year mandatory minimum term of imprisonment.  Objection at 2 n.1.  Subsequently, on March 22, 2012, the Government filed an Amended Information Charging Prior Conviction (Doc. #71), "which did not change the applicability of the twenty year mandatory minimum."  Id.

withdrawing plea offer).  The Government concludes: "Thus the claim that, on the 'morning trial was to commence' the government would then offer the defendant a plea offer of '10-13 years,' is incredible."  Id. at 8.

Robinson argues that "the overall record supports Petitioner's argument that a second plea offer of 10-13 years was made and presented to him by counsel on the morning of the trial ...." Reply at 2.  On the contrary, the only "evidence" in the record which supports Robinson's allegation that a second plea offer was made is his own, albeit sworn, statement.  The Assistant United States Attorney ("AUSA") who was prosecuting the case denies that such an offer was made.  Objection at 8.  Although Robinson faults the Government for failing to submit an affidavit from the AUSA "indicating that no oral plea had been discussed between the parties, viz., himself and the Government, which eliminated the 21 U.S.C. § 851 enhancement and exposed Petitioner to a sentencing range of 10-13 years," Reply at 2, the AUSA is an officer of the Court, and, as such, his statements carry more weight than Robinson's "self-serving, post hoc assertions ... [which] rest solely on the credibility of the defendant ...," Objection at 7.  Robinson's credibility is questionable given his statement that he "rejected" the Government's March 23, 2012, plea offer when the record indicates that said offer was withdrawn.  See id., Ex. B.  Moreover, Robinson has provided no evidence, for example, an affidavit from defense counsel, to support his allegation that a purported second plea offer was made.

The evidence of record demonstrates the following.  As noted above, on October 17, 2011, the Government filed an Information Charging Prior Conviction.  See Docket.  On March 22, 2012, the Government filed an Amended Information Charging Prior Conviction.  See id.  On March 23, 2012, the Government sent defense counsel a letter with a proposed plea agreement attached.  See

Objection, Ex. A.  Pursuant to that  proposed agreement, the Government offered to make a

sentencing recommendation of "a term of imprisonment at the low end of the sentences for the

offense level determined by the Court under the United States Sentencing Guidelines ... or the

mandatory minimum term of imprisonment pursuant to statute, whichever term is greater ...."  Id.

¶ 2a.  The offer included the following provisions:

> a.       Defendant has been served with an Amended Information Charging Prior
> Conviction ("Amended Information") pursuant to 21 U.S.C. § 851.   He
> acknowledges that the Amended Information is a true and accurate summary of his
> qualifying convictions in U.S. v. Robert O. Robinson, CR. No. 01-103-ML[*] and that
> he is therefore subject to the enhanced penalties contained therein ....

> b.       Defendant understands that although he has at least one other prior felony
> drug offense conviction not included in the preceding paragraph, the government has
> agreed not to file a successive sentencing enhancement beyond the Amended
> Information pursuant to 21 U.S.C. § 851.  Defendant further understands that if the
> government were to file such a successive enhancement information, Defendant
> would face a mandatory term of life imprisonment without release and a $20,000 fine
> on Count I.

Id. ¶ 4.

The plea offer, however, was withdrawn on April 6, 2012.  Objection, Ex. B at 2.  The letter

from the AUSA to defense counsel so stating reads:

>  This letter will confirm that the plea offer previously made to your client has been
> withdrawn.  In addition, I am attaching a copy of a letter that your client sent to [a
> Government witness].  As we discussed, I have agreed not to file a second Notice of
> Information which would increase your client's maximum penalty to a mandatory life
> sentence until on or after April 16, 2012.  Thereafter, whether I file such an
> enhancement will be in my sole discretion.  Once filed, the Information will not be
> withdrawn or otherwise dismissed.

Id.

It defies logic to believe that the Government would, on the eve of trial, offer a more

favorable plea agreement than that which it had already withdrawn under the circumstances noted

above.  Robinson provides no rationale as to why this would occur, nor would any such explanation be reasonable.  Moreover, given the existence of the Amended Information, which the Docket does not indicate was withdrawn, see Docket, the Government could not offer a plea containing a sentence of less than twenty years.  It is illogical to assume, as Robinson suggests, that the Government would have withdrawn the § 851 Amended Information at the last minute to allow it to do so.

Robinson's second argument amounts to no more than semantics.  He states that "the Government's response does not expressly deny that a second plea offer was discussed that eliminated the § 851 enhancement," and characterizes the Government's response as "circuitous[]."  Reply at 2.  The Government's position could not be clearer: "the government did not offer the defendant a second plea agreement of ten to thirteen years."  Objection at 8; see also id. at 7-8 (characterizing Robinson's allegation as "unbelievable at best" and "incredible").  Based on the foregoing, the Court rejects Robinson's allegation that the purported second plea offer was made.

Finally, Robinson argues that "the Government's contention that Petitioner would have proceeded to trial even if the second plea existed is not supported by the record."  Reply at 3.  The Court need not address this argument given its conclusion that there was no second plea offer.[5]

 Counsel's performance cannot be deemed ineffective for failing to give advice regarding a non-existent plea offer.  Having found that counsel's performance was not deficient, the Court need not address Strickland's prejudice prong.  See Strickland, 466 U.S. at 687 (noting that defendant

---

[5] Robinson correctly notes that if the Court dismisses a § 2255 claim without holding an evidentiary hearing, it must "take as true the sworn allegations of fact set forth in the petition unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007)(internal quotation marks omitted); see also Reply at 1.  The Court finds Robinson's allegation that a last-minute second plea offer was made to be both contradicted (and unsupported) by the record and inherently incredible. Owens, 483 F.3d at 57.

-9-

must make both showings); c.f. Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1994)("Since Knight has not satisfied the second prong of Strickland, we need not address the first prong."). Robinson does not allege that plea counsel's performance with respect to the Government's March 23, 2012, proposed plea agreement was deficient.[6]  Robinson's first claim of error, therefore,  fails.

B.      Ineffective assistance of appellate counsel

Robinson next claims that appellate counsel's "representation violated the Sixth Amendment on direct appeal based on his failure to raise a non-frivolous issue regarding the Court's failure to instruct the jury on a lesser included offense where the relevant facts warranted such an instruction." Amended Motion at 13.   He contends that counsel's "failure to argue on direct appeal that a lesser included offense instruction was warranted in light [of] the Supreme Court's intervening decision in Alleyne[7] rendered his performance objectively unreasonable."  Id.  Had the issue been raised, Robinson argues, "the result of the appellate proceedings would have been different."  Motion at 5. The Government counters that Robinson cannot meet the "extraordinarily high burden" to prove ineffective assistance of counsel on direct appeal because "it was reasonable for his attorney to omit the claim in question."  Objection at 9.

Defendants have a right to effective assistance of counsel on appeal.  Pinillos v. United States, 990 F. Supp. 2d 83, 104 (D.P.R. 2013)(citing Evitts v. Lucey, 469 U.S. 387, 396-97 (1985)). However, "[t]his does not mean that they have to raise every issue that an appellant directs them to file."  Id.  The Supreme Court has held that "appellate counsel who files a merits brief need not (and

---

[6] In fact, Robinson states that he rejected the offer based on "Smith's explanation that the 21 U.S.C. § 851 enhancement would mandate the imposition of a mandatory minimum sentence of 20 years."  Amended Motion at 2.

[7] Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013).

should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000)(citing Jones v. Barnes, 463 U.S. 745 (1983)); see also Wyman v. United States, 62 Fed. Appx. 364, 367 (1st Cir. 2003)(quoting Smith).   The Supreme Court stated that "it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."  Smith, 528 U.S. at 288.

In order to demonstrate ineffective assistance of counsel at the appellate stage, a petitioner must show that the omitted claim "was so obvious and promising that no competent lawyer could have failed to pursue it." Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005)(quoting Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999)); see also Smith, 528 U.S. at 288 (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.")).  Even if Robinson could show ineffectiveness, he must still demonstrate prejudice. Smith, 528 U.S. at 289; Cirilo-Muñoz, 404 F.3d at 530.

In Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), the Supreme Court held that "[f]acts that increase the mandatory minimum sentence are ... elements and must be submitted to the jury and found beyond a reasonable doubt." Id. at 2158; see also id. at 2163.  Robinson claims that, in light of Alleyne:

> [T]he evidence adduced at trial undoubtedly warranted that a lesser included offense instruction be given in relation to the conspiracy offense.  Had this issue been raised on appeal, there is a reasonable probability that the First Circuit would have concluded in light of the trial record that the jury could have rationally convicted Petitioner of a lesser conspiracy but for the all-or-nothing choice with which it was provided.

-11-

Reply at 4-5; see also Motion at 5 ("Because the trial record contained evidence that the CI tampered with the drugs purchased during several transactions, under the intervening Supreme Court decision a viable argument existed that Robinson was entitled to a lesser included offense instruction with respect to drug quantity in regards to the conspiracy offense charged in Count One.").

According to Robinson, the following "facts" warranted a lesser included offense instruction: (1) that the confidential informant ("CI") had tampered with the evidence; (2) that the CI had engaged in other conduct which violated the guidelines set by his informant contract; (3) that the protocol established by Special Agent Michael Payne (the "SA") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") left the CI alone and unmonitored for several minutes after purchasing the drugs; and (4) that there was a discrepancy between the quantity of drugs purchased by the CI and the drugs weighed by the toxicologist. Amended Motion at 15-17; see also id. at 19-20. Thus, Robinson argues, "the accuracy of the total weight of crack cocaine attributed to the conspiracy[8] was tainted which necessarily implicated the concomitant question of whether this total amount (or some amount less than 280 grams) was properly attributable to Petitioner." Id. at 19-20. The Government counters that:

> The government charged and proved to the jury the highest crack cocaine threshold which was 280 grams or more for the defendant's crime, see Alleyne, 133 S.Ct. at 2155, and thus the attorney did not err by choosing not to raise the issue on appeal. Since the purported error would not have reduced the chargeable amount of crack cocaine below 280 grams, the defendant cannot show that he was prejudiced as a result of his attorney's allegedly deficient performance.

Objection at 9-10.

Robinson overlooks the fact that, by his own account, the evidence he cites in support of his

---

[8] The total amount of crack cocaine involved in the conspiracy was approximately 311 grams. Amended Motion at 19; see also Objection, Ex. A ¶ 5.

-12-

argument that a lesser included offense instruction should have been given was before the jury. There was testimony that the evidence, *i.e.*, the crack cocaine, was tampered with, although the testimony differed as to how many times the tampering occurred. Amended Motion at 15-16. The SA testified that the CI had purchased drugs during the period when the charged conspiracy took place without being instructed to do so by the SA and without the SA's knowledge. Id. at 16. The SA also testified regarding the protocol as to how the transactions were conducted. Id. Finally, there was evidence pertaining to a discrepancy in the weight of the drugs as weighted by the SA and the toxicology lab. Id. at 17. Nonetheless, the jury found Robinson guilty of conspiring to distribute 280 grams or more of crack cocaine. Motion at 1.

It is clear that the fact necessary to trigger the mandatory minimum sentence, the 280 grams of crack cocaine, was found by the jury, not by the Court. Therefore, no Alleyne violation occurred, and Robinson's argument to the contrary fails. It follows that an argument that a lesser included offense instruction should have been given based on Alleyne was not "so obvious and promising" that appellate counsel's failure to raise such a claim constitutes ineffective assistance. Cirilo-Muñoz, 404 F.3d at 530; Wyman, 62 Fed. Appx. at 367 ("The two issues that Wyman argues were ignored by counsel are not clearly stronger than those presented. To the contrary, the ignored issues appear to be frivolous.")(internal citations and quotation marks omitted).[9]

Robinson has not rebutted the presumption that he received effective assistance of counsel on direct appeal. Accordingly, his claim of ineffective assistance of appellate counsel is rejected.

## CONCLUSION

---

[9] The issues counsel raised on appeal "revolve[d] around an alleged pre-trial deprivation of [Robinson's] Sixth Amendment right to counsel of his choice, coupled with a claim that the district judge erred in refusing his requests for continuances." United States v. Robinson, 753 F.3d 31, 34 (1st Cir. 2014).

Robinson has not demonstrated that he received ineffective assistance of counsel at either the plea or appellate stages of these proceedings.   For the foregoing reasons, the Motion is DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts (§ 2255 Rules), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Robinson has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Robinson is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.   <u>See</u>  § 2255 Rule 11(a).

SO  ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Senior United States District Judge

Date: February 28, 2017