RECEIVED
NOV 07 2023
U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES OF AMERICA
FOR THE
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA : Case No. 1:01-CR-00103-01T
VS. : Consolidated Motion for
: Compassionate Release Under
Robert Robinson : 18 U.S.C. 3582 (c)(1)(a)
: (Pro Se Prisoner)

Pro Se Defendant Robert Robinson, respectfully moves the Court to reduce his sentence in a consolidated motion for Compassionate Release, combining reasons meeting the extraordinary and compelling circumstances standard, along with the retro-active amendments to the United States Sentencing Guidelines (USSG) for status points under USSG section 4A1.1(d).

The Defendant comes before this Court in an attempt to simplify and clearly explain his request for sentence reduction. In 2010 Congress passed the Fair Sentencing Act, wherein the ratio used to measure crack cocaine was changed from 100 to 1 to 18 to 1 for new offenders charged with the distribution of crack cocaine.

The Defendant brings these changes into the content of this motion to establish and show that the circumstances surrounding his case are extraordinary and compelling.

The Defendant was sentenced in 2012, by the Court, to two separate sentences, ran consecutively. He was sentenced to twenty-four months for violating the terms of his supervised release. The Defendant was also sentenced to two hundred and forty months for his instant offense of which he has served over twelve years.

The Defendant is making the case in this consolidated motion that the circumstances are extraordinary and compelling, in that, if he were to be sentenced today on these sentences, his total sentence would not even add up to twelve years.

Ultimately, the Defendant is simply a victim of "bad timing." He comes before the Court in this compassionate release motion where your Honor would have the authority and the ability to approach his request with humanity, compassion, and understanding that if he were sentenced today to the charges he serving time for, he would likely be sentenced to about half of the time the Court ordered him to serve in prison.

For instance, in regards to his sentence of twenty-four months for the violation of supervised release: The First Step Act allows a Court to reduce a defendant's sentence by applying the First Step Act retroactively. A court may impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed.

The Defendant is serving a term of supervised release for a crime that he was sentenced on in 2002. The Court sentenced the Defendant to eighty-four months and five years supervised release at that time, in which he was sentenced under the obsolete crack cocaine ratios. The Defendant was faced with a five year mandatory minimum because he was found guilty of approximately 26 grams of crack cocaine, and with the First Step Act making the Fair Sentencing Act retroactive, today, he would not be facing a mandatory minimum, because now, the mandatory minimum of five years starts at 28 grams

or more. Therefore the Defendant would be subject to a sentence simply based on his criminal history and his offense level, which would be category III and offense level 22 , respectively, which would give him guideline range at 51-63. The Defendant completed the Residential Drug Abuse Program during that prison term and received the benefit of twelve months off of his sentence, for graduating and completing the program. This along with the fifty-four days of good time granted to all inmates, the Defendant would have been required to serve approximately thirty months, if sentenced to the low end of the guidelines. The Defendant served about sixty months on that sentence. The Defendant estimates that he served about thirty months more than he would have, if he were to be sentenced today. Along with that, his sentence of twenty-four months, associated with his current sentence that he is serving time on, should be eliminated and removed from this sentence. This alone should warrant at the very least a reduction of twenty-four months from his current sentence. Coupled with the thirty months he over served on his 2002 conviction, the Defendant should most likely receive an additional thirty months of time served applied to his current sentence, totalling approximately fifty-four months. Considering this additional time the Defendant requests that the Court grant him a reduction of fifty-four months in regards to the sentence associated with his violation of the terms of his supervised release.

Secondly, in regards to the defendant's instant offense that he was convicted of in 2012, the defendant once again falls victim to poor timing, because at the time of his sentencing, the crime he was convicted of called for a significantly higher sentence, than if he were convicted under the same charge today. .

As of 2018, the First Step Act initiated a change in the law. In the defendant's case he was convicted of 21 U.S.C. Section 841(b)(1)(a) which carries a sentence of ten years to life in prison, and eight years to life supervised release. Along with that the government doubled his sentence with 851 information enhancement, so that the defendant was facing twenty years to life. The defendant was ultimately sentenced to the mandatory minimum of twenty years, on top of the two years previously mentioned for violating the terms of his supervised release.

Wherein, if the defendant were to be sentenced today, with the same conviction, the change in law would change the provisions so that the 21 U.S.C. 841(b)(1)(a), along with an 851 information enhancement would call for a sentence of fifteen years to life. So instead of a twenty year mandatory minimum, the defendant would be facing a fifteen year mandatory minimum.

This in conjunction with United States Sentencing Guideline Amendment 814: Amendments to 1B1.13, Reduction in Term of Imprisonment under 18 U.S.C. Section 3582(c)(1)(a) (Compassionate Release), it discusses unusally long sentences, and it states: " This provision gives judges discretion, after full consideration of the prisoner's individualized circumstances, to determine whether a change in law that would result in a lower sentence today could be grounds for a sentence reduction."

The person must have served at least ten years of an unusually long sentence, and there must be a gross disparity between the sentence being served and the sentence that would be imposed today.

The defendant brings this to the Court's attention because, in his case, if he were to be sentenced today, there would be at least a seven year disparity in what he was sentenced to and to what he would be sentenced to today. The defendant has served twelve years and five months of his unusually long sentence, therefore meeting the requirement in the provision, where it states that a prisoner must have served at least ten years of an unusually long sentence.

To be clear on the defendant's intention: His sentence of twenty years, if sentenced today, would be fifteen years, that said, the defendant, in addition to the reduction in sentence request for the supervised release violation, as previously mentioned, the defendant also asks the Court to consider an additional five years in reduction because of the extraordinary and compelling circumstances that the defendant is serving at least seven years more than someone would serve today, committing the same exact crime under the same exact circumstances.

It should be noted that on December 16, 2022, Attorney General Garland issued a memorandum to all federal prosecutors, in which he wrote, under the subject: "Department polocies, regarding charging and pleas and sentencing in drug cases." Consistent with the priority the Department of Justice has placed on focusing it's prosecutorial resources on combatting violent crime. Attorney General Garland goes on to state: " This policy applies with particular force in drug cases brought under title 21 charges of th United States Code Service,

where mandatory minimum sentences based on drug type, and quanity have resulted in disproportionately severe sentences for certain defendants and perceived and actual racial disparities in the criminal justice system. Accordingly, in cases in which Title 21 mandatory minimums are applicable based on drug type, and quanity necessary to trigger a mandatory minimum, if the defendant satisfies all of the following criteria: The relevant conduct does not involve the use of violence, the direction of another to use violence, credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person. The defendant does not have a significant managerial role in the trafficking of drugs to minors, the defendant does not have ties to a large scale criminal organization, cartels or violent gang; and the defendant does not have significant history of criminal activity that involved the use or the threat of violence, personal invovement on multiple occassions in the distribution of significant quanities of illegal drugs or possession of illegal firearms. It goes on to say: that if the information is sufficient to determine that all the criteria listed above are satisfied, than federal prosecutors should decline to pursue Title 21 charges along with 851 enhancements that trigger mandatory minimum sentences.

Attorney General Garland, on that same day, also mentions in that memo, that because of the Equal Act, defendants charged with crack cocaine should be sentenced under the "regular" cocaine guidelines.

The defendant satisfies all of the criteria set forth by Attorney General Garland. The defendant brings this memorandum

"to light" to expound on the fact that if he were to be sentenced today not only would his mandatory minimum be fifteen years instead of twenty years, he most likely would not be sentenced to a mandatory minimum, and would simply be sentenced to his assigned offense level and criminal history score.

The defendant also asks the Court to consider his health conditions as a factor when deciding on a reduction in sentence

Under the new amendments to the U.S. Sentencing Guidelines it states, under USSG Amendment 814, Amendments to Section 1B1.13 Reduction in term of imprisonment under 18 U.S.C. Section 3582(c)(1)(a) Pandemic health: Reflecting lessons learned from Covid, this new ground covers individuals who are (1) housed at a correctional facility that is affected by or at imminent risk of ongoing infectious disease outbreak or public health emergency; and (2) who, due to personal medical conditions, are at increased risk of suffering from severe complications or death that cannot be mitigated should they be exposed.

The defendant suffers from respitory issues stemming from severe asthma. He also struggles with hypertension, obesity and sleep apnea. And with the uptick in Covid-19 cases at this facility, the defendant is forced to deal with stress and anxiety brought on by the fact that with co-morbidity, he is more likely than the average inmate, to die if he contracts the virus. The staff here, are quarrantining inmates on a daily basis to a special unit in the Medical Center, and the defendant is concerned that he will be next. That being said, the defendant asks the Court to consider his high risk factors when determining the defendant's request for a sentence reduction.

The last reason the defendant seeks a reduction in sentence is because of the retroactive application of the Criminal History Amendment, wherein the United States Sentencing Commission amended the United States Sentencing Guidelines for the elimination of status points under USSG Section 4A1.1(d).

The defendant asserts the following facts:
The United States Sentencing Commission has approved the retroactive application of eliminationg status points under USSG Section 4A1.1(d); committing the instant offense while under any criminal justice sentence, including parole, probation, supervised release, work release, etc....

In this case the defendant committed the instant offense while serving a criminal justice sentence under 4A1.1(d), therefore, 2 points were added to the criminal convictions in the subtotal criminal history score of 5, establishing a criminal history category of III, intersecting with the defendant's total criminal offense level of 36, which placed the defendant's guideline range at 235-293 months. The Court then sentenced the defendant to 240 months in prison, to be followed by a 10 year term of supervised release.

The defendant asks the Court to reduce his sentence with the amendments to the USSG in mind, in that, with the change to Section 4A1.1(d) status points, the defendant's criminal history score would be 3, placing him in criminal history category II. And where criminal history category II intersects with the defendant's total criminal offense level of 36, the defendant's new guideline range would be 210- 262 months.

In conclusion, the defendant is asking the Court to consider reducing his sentence under 18 U.S.C. 3582(c)(1)(a) for extraordinary and compelling circumstances, which he has brought forth in this motion for compassionate release.

The defendant has brought to the attention of the Court the drastic difference in sentence if he were to be sentenced today. His sentence for violating the terms of his supervised release would be eliminated. The sentence for his instant offense would carry a fifteen year mandatory minimum instead of a twenty year mandatory minimum. These two issues alone should warrant a reduction in sentence of seven years, before even considering his health issues. Combined with that, the defendant asks the Court to keep in mind the the U.S. Sentencing Commission's intent with the new criminal history amendment, where in the defendant's case, the two status points that were added to his criminal history score would be eliminated and he would drop from category III to category II

The defendant also asks the Court to weigh the fact that on December 16, 2022, Attorney General Garland issued a memorandum instructing federal prosecutors not to pursue Title 21 charges with 851 enhancements if certain criteria, which the defendant meets, are satisfied. He also wrote on that same day, that because of the equal act, offenders charged with crack cocaine should be sentenced under the "regular" cocaine guidelines.

Lastly, the defendant asserts that he has made numerous positive changes in his life, while incarcerated and continues his efforts to be better in all aspects of his life. The defendant has never been so

motivated to change his life, as evidenced by this motion. In his past, this is something that the defendant would not be capable of, but through staying positive and researching, the defendant taught himself to present a motion before the Court. He has also put his priorities in order and learned that through helping others, he is helping himself.

The defendant has taken steps to ensure his re-entry transition is as smooth as possible. He has been continuously "programming" throught his prison sentence. The defendant has completed multiple nine month intensive training and rehabilitative programs. He has completed and graduated from the Residential Drug Abuse Program (RDAP), He has also completed two internship programs, first he completed a Barber Shop program where he learned the skills to be a barber. He also completed a internship in house keeping. Along with these, the defendant has completed numerous other programs in the interest of bettering himself. The defendant has included a copy of the list of programs he has completed while incarcerated. Because he has completed so many programs the defendant has earned a year off his sentence through the First Step Act benefits, placing his current projected release date of April 7, 2029.

Finally the defendant asks that you grant him relief in the form of a sentence reduction, and grant him any other relief that the Court finds just and equitable

Respectfully Submitted,

*Robert Robinson*

Robert Robinson

Reg No. 05065-070

FMC Devens
PO Box 879
Ayer, MA 01432

CERTIFICATE OF SERVICE

I, Robert Robinson, do hereby certify that I caused a copy of the foregoing to be served on the United States by First Class United States Mail with postage fully prepaid by mailing a copy to the United States Attorney's Office

Dated: November 1 2023

*Robert Robinson*
Robert Robinson, pro se

```
DEVRR  531.01  *           INMATE HISTORY           *   02-07-2023
PAGE 001 OF 001 *             PT OTHER              *   14:34:37

REG NO..: 05065-070  NAME....: ROBINSON, ROBERT
CATEGORY: PTO        FUNCTION: PRT        FORMAT:

FCL   ASSIGNMENT  DESCRIPTION                    START DATE/TIME  STOP  DATE/TIME
DEV   ARTH FND W  ARTHRITIS FOUNDATION WALK WAIT 01-26-2023 1405  CURRENT
DEV   BRN HLTH W  BRAIN HEALTH AS YOU AGE  WAIT  01-26-2023 1404  CURRENT
DEV   HTH STEP W  HEALTHY STEPS OLDER ADULT WAIT 01-26-2023 1405  CURRENT
DEV   HTH WELL W  HEALTH & WELLNESS LIFESPN WAIT 01-26-2023 1405  CURRENT
DEV   MAN DIAB W  MANAGING YOUR DIABETES    WAIT 01-26-2023 1404  CURRENT
DEV   MATR BAL W  A MATTER OF BALANCE       WAIT 01-26-2023 1405  CURRENT
DEV   NAT DIAB W  NATIONAL DIABETES         WAIT 01-26-2023 1405  CURRENT
DEV   AARP FND C  AARP FOUNDATION FINANCE   COMP 03-31-2022 0748  03-31-2022 0748
DEV   AARP FND P  AARP FOUNDATION FINANCE   PART 03-02-2022 1500  03-31-2022 0748
DEV   AARP FND W  AARP FOUNDATION FINANCE   WAIT 02-22-2022 0907  03-02-2022 1500
DAN   MON SM G C  MONEY SMART GENERAL POP   COMP 03-29-2021 1052  03-29-2021 1052
DAN   MON SM G P  MONEY SMART GENERAL POP   PART 12-28-2020 0854  03-29-2021 1052
DAN   BRN HLTH C  BRAIN HEALTH AS YOU AGE   COMP 11-24-2020 2000  11-26-2020 1339
DAN   BRN HLTH P  BRAIN HEALTH AS YOU AGE   PART 11-21-2020 1800  11-24-2020 2000
DAN   BRN HLTH W  BRAIN HEALTH AS YOU AGE   WAIT 11-21-2020 1800  11-21-2020 1800
```

RECEIVED
NOV 07 2023
U.S. DISTRICT COURT
DISTRICT OF R.I.

G0000       TRANSACTION SUCCESSFULLY COMPLETED



# Individualized Needs Plan - Initial Classification (Inmate Copy)
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: ROBINSON, ROBERT 05065-070

SEQUENCE: 01030075
Team Date: 01-04-2023

| | |
|---|---|
| Facility: | DEV DEVENS FMC |
| Name: | ROBINSON, ROBERT |
| Register No.: | 05065-070 |
| Age: | 40 |
| Date of Birth: | ████ 1982 |

| | |
|---|---|
| Proj. Rel. Date: | 04-17-2030 |
| Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| DNA Status: | MRG00197 / 05-15-2006 |

RECEIVED
NOV 07 2023
U.S. DISTRICT COURT
DISTRICT OF R.I.

### Detainers
| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Current Work Assignments
| Facl | Assignment | Description | Start |
|---|---|---|---|
| NO ASSIGNMENTS | | | |

### Current Education Information
| Facl | Assignment | Description | Start |
|---|---|---|---|
| DEV | ESL HAS | ENGLISH PROFICIENT | 06-10-2002 |
| DEV | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-14-2004 |

### Education Courses
| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| DAN M | W | HOUSEKEEPER - APPRENTICESHIP | 03-11-2021 | 07-09-2021 |
| DAN M | W | MY PLATE | 06-28-2020 | 07-18-2020 |
| DAN M | C | INTRO TO REAL ESTATE | 02-03-2020 | 03-27-2020 |
| DAN M | C | MONEY SMART | 02-03-2020 | 03-27-2020 |
| DAN M | C | BARBER | 04-20-2019 | 10-01-2019 |
| SCH | C | FCI ACE AMERICAN PRESIDENTS 1 | 04-19-2016 | 05-03-2016 |
| MRG | C | RESIDENT DRUG PGM BATES UNT AM | 08-22-2005 | 05-05-2006 |
| MRG | C | RELATIONSHIPS WITH CO-WORKERS | 04-27-2006 | 04-27-2006 |
| MRG | C | STRESS MANAGEMENT | 04-27-2006 | 04-27-2006 |
| MRG | C | POSITIVE SELF IMAGE | 04-27-2006 | 04-27-2006 |
| MRG | C | FAMILY ISSUES | 04-27-2006 | 04-27-2006 |
| MRG | C | DRUG EDUCATION | 04-27-2006 | 04-27-2006 |
| MRG | C | MENTAL HEALTH SUPPORT | 04-27-2006 | 04-27-2006 |
| MRG | C | RELEASE PROCEDURES | 04-27-2006 | 04-27-2006 |
| MRG | C | COMMUNITY INFO/RESOURCES | 04-27-2006 | 04-27-2006 |
| MRG | C | TAXES | 04-27-2006 | 04-27-2006 |
| MRG | C | MONEY MARKET | 04-27-2006 | 04-27-2006 |
| MRG | C | REAL ESTATE | 04-27-2006 | 04-27-2006 |
| MRG | C | MUTUAL FUNDS | 04-27-2006 | 04-27-2006 |
| MRG | C | BONDS | 04-27-2006 | 04-27-2006 |
| MRG | C | STOCKS | 04-27-2006 | 04-27-2006 |
| MRG | C | ESTABLISH SAVINGS PLAN | 04-27-2006 | 04-27-2006 |
| MRG | C | EAT AND SHOP NUTRIONALLY | 04-27-2006 | 04-27-2006 |
| MRG | C | PHYSICAL FITNESS | 04-27-2006 | 04-27-2006 |
| MRG | C | AIDS AWARENESS/DISEASE PREVENT | 04-27-2006 | 04-27-2006 |
| MRG | C | WEIGHT MANAGEMENT | 04-27-2006 | 04-27-2006 |
| MRG | C | RELEASE READINESS EMPLOYMENT | 04-27-2006 | 04-27-2006 |
| MRG | C | TYPING CLASS AM 9:30-10:30 | 07-31-2005 | 08-21-2005 |
| MRG | C | ACE REALESTATE CLASS | 04-16-2005 | 06-19-2005 |
| MRG | C | GED SCORES REPORTED BY GTS | 12-07-2003 | 12-08-2004 |
| MRG | W | GED MCMILLEN- 12:00-1:30 | 12-07-2003 | 11-21-2004 |
| FTD GP | W | EAST 2 GED; MON-FRI 12:30-2:00 | 08-20-2002 | 08-11-2003 |

### Discipline History (Last 6 months)
| Hearing Date | Prohibited Acts |
|---|---|
| 10-12-2022 | 102 : ESCAPE |

### Current Care Assignments

Mr. Amico                                                   epstencha

Robert Robinson #0
FMC Devens
PO Box 879
Ayer MA 01432



Federal Building and United States Courthouse
One Exchange Terrace
Providence RI 02903-1270
ATTN: Office of the Clerk