# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ROBERT O. ROBINSON, <br> Defendant. | CR. No. 11-147-01-JJM-LDA |
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ROBERT O. ROBINSON, <br> Defendant. | CR. No. 01-103-01-JJM-LDA |

## ORDER

Citing 18 U.S.C. § 3582, Robert Robinson filed two motions to reduce the sentences given in his 2001 and 2011 cases. ECF Nos. 207, 210.[1] He sets forth several reasons that support his request, arguing that (1) if he were sentenced today, his mandatory minimum sentence on the 2011 conviction would have only been 15 years instead of the 20 years imposed; (2) his 2001 sentence would have been dramatically lower; and (3) his health condition merits a reduction.

### I. FACTS

In the 2001 case, the Court sentenced Mr. Robinson to 84 months of imprisonment and five years of supervised release after he pleaded guilty to

---

[1] All ECF references will be to the 2011 case.

distribution of cocaine base ("crack"). His Guideline range was based on an offense level of 25 and a criminal history category of V, with a Guideline range of 100 to 125 months and a mandatory minimum sentence of five years. If Mr. Robinson had been sentenced under today's guidelines and laws, his sentence would have been based on an offense level of 19 and a criminal history category of IV, with a Guideline range of 46 to 57 months.

In the 2011 case, the Court sentenced Mr. Robinson to 240 months of imprisonment and ten years of supervised release after a jury found him guilty of conspiracy and possession with intent to distribute and distribution of crack. At the time, his Guideline range was based on an offense level of 38 and a criminal history category of III, with a Guideline range of 292 to 365 months and a mandatory minimum sentence of 240 months. If Mr. Robinson had been sentenced under today's guidelines and laws, his sentence would have been based on an offense level of 36 and a criminal history category of II, with a Guideline range of 210 to 262 months and a mandatory minimum of 15 years.

At the time of his sentencing on the 2011 case, the Court also found him to be in violation of his supervised release in the 2001 case. The Court sentenced him to 24 months of incarceration to be served consecutively to the sentence in the 2011 case. This meant Mr. Robinson was to serve a total 22 years of incarceration starting in 2011.

## II. STANDARD FOR A SENTENCE REDUCTION

Mr. Robinson seeks a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) ("Modification of an Imposed Term of Imprisonment"). The statute allows courts to reduce the term of imprisonment, after considering the Section 3553(a) sentencing factors, "if it finds that extraordinary and compelling reasons warrant such a reduction." *Id.*

The first question for the Court in analyzing Mr. Robinson's motion is: What constitutes "extraordinary and compelling" reasons to reduce a sentence? The First Circuit recently gave insight into the answer to this question by acknowledging that the district court "enjoy[s] broad discretion," and counseling that it should "conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an 'extraordinary and compelling' reason to grant" a sentence reduction. *United States v. Trenkler*, 47 F.4th 42, 47 (1st Cir. 2022).

The Court "may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." *Id.* at 47 (emphasis added) (quoting *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022)). "To serve as a safety valve, section 3582(c)(1)(A) must encompass an individualized review of a defendant's circumstances and permit a sentence reduction—in the district court's sound discretion—based on any combination of factors." *Id.* at 48 (internal quotation marks omitted) (quoting *Ruvalcaba*, 26 F.4th at 26). "[T]he only limitation on what can be considered an extraordinary and

3

compelling reason to grant a prisoner-initiated motion is rehabilitation [alone]." *Id.* at 48 (internal quotation marks omitted) (quoting *Ruvalcaba*, 26 F.4th at 25-26).

When Congress established this mechanism for sentence reductions in the Sentencing Reform Act of 1984, the legislative history shows that it wanted courts to be able to reduce "unusually long sentence[s]," and to reduce sentences where amended guidelines suggest a shorter sentence. S. Rep. 98-225, at 55 (1983–1984). "The Committee believe[d] that there may be unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances." *Id.* Congress explained that sentence modifications would be proper in "cases of severe illness" and when "extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the Sentencing Guidelines for the offense of which the defendant was convicted have been later amended to provide a shorter term of imprisonment." *Id.* at 56. It was thus intended to provide "safety valves" for modification of sentences. *Id.* at 121; *see also United States v. Vigneau*, 473 F. Supp. 3d 31, 36 (D.R.I. 2020) (noting legislative history).

Since the First Circuit spoke in *Trenkler*, the United States Sentencing Commission provided more specific insight into how courts should consider sentence reduction motions, that coincide with the First Circuit's prior rulings. The Commission expanded the list of "extraordinary and compelling reasons" to add a new ground called "Unusually Long Sentence," which allows a judge to consider a non-

4

retroactive Guideline change in sentencing law as an extraordinary and compelling reason in specified circumstances. The Commission expounded that:

> (b) Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> ***
>
> (6) Unusually Long Sentence. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the *** may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13.

### III. REDUCTION ANALYSIS

After serving over 12 years in prison, Mr. Robinson moves for a sentence reduction, arguing that his sentence is unusually long, there is a gross disparity between the sentence he is serving and the sentence the Court would likely impose now due to changes in the law, changes in the way courts now think about sentencing, and the First Step Act's efforts to reduce the prison population such that he has established an extraordinary and compelling reason to reduce his sentence.

Mr. Robinson asserts that the mandatory minimum sentence of 20 years that he received in the 2011 case, would today have only carried a 15-year minimum.[2]

---

[2] The First Step Act "reconfigured the sentencing landscape through a series of revisions. Pertinently, it altered the scope of the statutory mandatory minimum penalties imposed pursuant to 21 U.S.C. § 841(b)(1)(A). *See* FSA § 401, 132 Stat.

5

This gross disparity of five years, he asserts, serves as the basis for the extraordinary and compelling reason for his sentence reduction request. The government responds that it "is hard to see how a difference of only five years can be unusually long or constitute a gross disparity. * * * A five-year disparity in sentences is hardly the 'decades longer' disparity discussed in" *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020). ECF No. 212 at 11. The government also relies on an out-of-circuit case where the district court ruled that a sentence within the guideline range should not be considered unusually long. *United States v. Hampton*, No. CR 15-302-2, 2024 WL 37948, at *2 (E.D. Pa. Jan. 3, 2024).

The Court rejects the government's reliance on the two out-of-circuit cases and instead follows the recent guidance from the First Circuit that it must consider a holistic review of individualized factors to determine whether extraordinary and compelling reasons have been shown, not a singular or bright line rule as the government advocates. *Trenkler*, 47 F.4th at 47. Considering those individualized factors leads the Court to conclude that by any humane measure, the difference between a 20-year and a 15-year mandatory minimum sentence is a gross disparity meriting consideration of a sentence reduction. Five years in federal prison versus five years of liberty is a sizable part of an individual's life, during which they must contend with the psychological, emotional, and social challenges inherent in

---

at 5220-21. *** For a defendant with only one qualifying prior conviction, the mandatory minimum term was reduced from 20 years to 15 years." *Ruvalcaba*, 26 F.4th at 17.

incarceration. Five years of incarceration surely feels like an eternity for Mr. Robinson; it is almost one-quarter of his total sentence of 22 years and 15 percent of his remaining life expectancy.

And times have changed in the decade since the Court sentenced Mr. Robinson. As the United State Justice Department reports, "increasing the severity of punishment does little to deter crime *** Laws and policies designed to deter crime by focusing mainly on increasing the severity of punishment are ineffective *** More severe punishments do not 'chasten' individuals convicted of crimes, and prisons may exacerbate recidivism."[3] This changing vision of incarceration is in line with the fact that the Sentencing Guidelines are no longer mandatory, the crack-cocaine inequity has been relieved, motions to reduce sentences are now authorized by those incarcerated, and the list goes on. The First Step Act is the beginning of the recognition that our criminal justice system's proclivity for long, harsh sentences are ineffective.[4]

Now that the Court has found that extraordinary and compelling reasons exist for reducing Mr. Robinson's sentence, it must now consider the 3553 factors (if applicable). The Court must figure out a sentence sufficient but not more than

---

[3] National Institute of Justice • Strengthen Science • Advance Justice May 2016 NCJ 247350.

[4] Vera Institute. https://www.vera.org/news/research-shows-that-long-prison-sentences-dont-actually-improve-safety

necessary to carry out the sentencing goals of rehabilitation, deterrence (personal and public), punishment, respect for the law, and avoiding unwarranted discrepancies.

Mr. Robinson grew up in a family where his father was a career criminal and spent much of his life incarcerated for drug dealing. ECF No. 213-2 at ¶ 47. His mother suffered from substance abuse disease. *Id.* His juvenile file with Rhode Island Family Court shows 21 petitions, only three cases with sufficient findings of fact. *Id.* at ¶ 28. He experienced childhood trauma as he saw his mother's boyfriend physically abuse her. *Id.* at ¶ 47. Mr. Robinson also suffered from substance abuse issues. *Id.* at ¶¶ 59-61. To say that his childhood did not support a healthy, crime-free adult life is an understatement.

In terms of how long a sentence is sufficient but not more than necessary to carry out the goals of sentencing, the Court looks to his incarceration history. Mr. Robinson spent three months in state jail when he was 18 years old. He then served about eight years in jail on his federal drug charge. Now, if the Court grants him a reduction in sentence, he will have spent over 12 years in jail. This reduced sentence will be a gradual increase in his past periods of incarceration, which seems to the Court to be proper to carry out the goals of § 3553. There is nothing in this record to show that Mr. Robinson would pose a "danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).

## IV.  CONCLUSION

The Court GRANTS and DENIES Mr. Robinson's Motion to Reduce his Sentence as follows:

1. In case 11-cr-147-JJM, the Court reduces Mr. Robinson's sentence to 15 years, to be followed by three years of supervised release. Together with the standard conditions of supervised release, Mr. Robinson shall:

    a. serve six months in a residential reentry center, preferably the Houston House in Pawtucket, Rhode Island. While at the facility, he shall comply with all the policies, procedures, and regulations therein.

    b. participate in a program of substance use treatment (inpatient or outpatient), as directed and approved by the Probation Office.

    c. participate in a program of substance use testing (up to 72 drug tests per year) as directed and approved by the Probation Office.

    d. participate in a program of mental health treatment as directed and approved by the Probation Office.

    e. contribute to the cost of all ordered treatment and testing based on ability to pay as decided by the Probation Office.

2. In case 01-cr-103-JJM, the Court DENIES Mr. Robinson's Motion to Reduce his 24-month sentence for a violation of supervised release (consecutively). That sentence, given the facts in the case is appropriate.

IT IS SO ORDERED,

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 10, 2024

10